IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ABDOUL KARIM IBRAHIM, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:16-cv-175-CDL-MSH |
| | : | 28 U.S.C. § 2241 |
| LORETTA LYNCH, *et al.* | : | |
| | : | |
| Respondents. | : | |
| _____ | | |

## REPORT AND RECOMMENDATION

Presently pending before the Court is Petitioner's petition for writ of habeas corpus (ECF No. 1) and motion to appoint counsel (ECF No. 2). For the reasons explained below, it is recommended that the Petition be dismissed as premature.

## BACKGROUND

The Court received Petitioner's application for habeas relief pursuant to 28 U.S.C. § 2241 on May 13, 2016. Therein Petitioner asserts that he should be released from Immigration and Customs Enforcement ("ICE") custody or afforded a bond hearing. Pet. for Writ of Habeas Corpus 8.

Petitioner, a native and citizen of Niger, was admitted to the United States on November 30, 2000 with a visitor's visa valid until February 28, 2001. Pet. 4. Petitioner remained in the United States and on July 6, 2015, Petitioner pled guilty to felony counterfeiting. Pet. 4; Respts.' Opp'n 2. He was taken into ICE custody on September 9, 2015. Pet. 3, 4.

On May 16, 2016, the Court ordered Respondents to respond to Petitioner's petition. Respondents filed their Opposition to Petition for Writ of Habeas Corpus on July 15, 2016. Petitioner's final order of removal was on June 23, 2016. Respts.' Opp'n 3. Petitioner submitted a second petition and filing fee on February 15, 2017 (ECF Nos. 19, 20). A new case was opened for Petitioner on February 22, 2017.

## DISCUSSION

In *Zadvydas v. Davis*, 533 U.S. 678, 699-700 (2001), the Supreme Court found that section 241(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a) authorizes detention after entry of an administratively final order of deportation/removal for a period "reasonably necessary" to accomplish the alien's removal from the United States. The Court recognized six months as a presumptively reasonable period of time to allow the government to accomplish an alien's removal. *Id*. at 701. The Court of Appeals for the Eleventh Circuit explained that to be released pursuant to the ruling in *Zadvydas*, an alien must show: "(1) that the six-month period, which commences at the beginning of the statutory removal period, has expired when the § 2241 petition is filed; and (2) evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Gozo v. Napolitano*, 309 F. App'x 344, 346 (11th Cir. 2009); *see also Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("[I]n order to state a claim under *Zadvydas* the alien . . . must show post-removal detention in excess of six months [and] also provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.").

Respondents' assert that Petitioner's petition is premature under *Zadvydas*. An IJ ordered Petitioner removed on June 23, 2016. Petitioner waived the appeal and the order of removal is administratively final. Resp'ts' Opp'n 3.

Here, the six-month presumptively reasonable removal period began when Petitioner was ordered removed on June 23, 2016. Resp'ts' Opp'n Ex. 1, ECF No. 13-1. Petitioner had not been detained for more than six months post final order of removal at the filing of this petition. Thus, Petitioner could not make a showing as required in *Akinwale* and *Zadvydas* at the time his petition was filed, and his petition for habeas relief should be dismissed. There is prejudice harm to Petitioner, as he has already filed his new petition in Civil No. 4:17-cv-46. Petitioner's motion for the appointment of counsel (ECF No. 2) is denied as moot.

## CONCLUSION

For the foregoing reasons, it is recommended that Petitioner's application for habeas relief be dismissed without prejudice. Petitioner's motion for the appointment of counsel (ECF No. 2) is denied as moot. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a

report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

    SO RECOMMENDED, this 27th day of February, 2017.

                                    /s/ Stephen Hyles  
                                    UNITED STATES MAGISTRATE JUDGE